Maria Teresa ROMERO; Servando
Romero, Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–73152.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed March 25, 2010.

Tim R. Everett, Esquire, Law Offices of
Tim R. Everett, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office
of the District Counsel Department of
Homeland Security, Los Angeles, CA,
Nancy E. Friedman, Esquire, Sada Manickam, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre,
Office of the District Counsel Department
of Homeland Security, San Francisco, CA,
Andrew Sean Biviano, Esquire, Office of
the U.S. Attorney, Spokane, WA, for Respondent.

Before: SCHROEDER, PREGERSON,
and RAWLINSON, Circuit Judges.

MEMORANDUM **

Maria Teresa Romero and Servando
Romero, natives and citizens of Mexico,
petition for review of the Board of Immigration Appeals' ("BIA") order denying
their motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252.
We review for abuse of discretion the denial of a motion to reopen, and de novo
questions of law, including claims of ineffective assistance of counsel. *Mohammed
v. Gonzales*, 400 F.3d 785, 791–92 (9th
Cir.2005). We deny in part and grant in
part the petition for review, and remand
for further proceedings.

The BIA did not abuse its discretion in
denying petitioners' motion to reopen as
untimely as it pertains to their former
counsel, because the motion was filed more
than five years after the March 6, 2002, in
absentia order, *see* 8 U.S.C.
§ 1229a(b)(5)(C)(i) (a motion seeking to reopen and rescind an in absentia removal
order based on exceptional circumstances
must be filed within 180 days), and petitioners failed to establish they acted with
due diligence in bringing their ineffective
assistance claim against their former counsel, *see Iturribarria v. INS*, 321 F.3d 889,
897 (9th Cir.2003) (equitable tolling is
available to petitioner who is prevented
from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

The BIA abused its discretion in finding
that petitioners' motion fails to state specific complaints of fraud or hardship as a
result of their immigration consultant's
conduct. In their motion to reopen, petitioners contended that they were prima
facie eligible for cancellation of removal
and that their consultant filed numerous
frivolous motions, thereby depriving them
the opportunity to have their in absentia
order rescinded and their proceedings reopened. We therefore remand for the
BIA to reconsider petitioners' claim
against their immigration consultant in
light of this discrepancy.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

848

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.